IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD ARMBRESTER, #265 891, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-cv-77-WHA-JTA |
| | ) | (WO) |
| CORIZON, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Ronald Armbrester is an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama.  He brings this *pro se* 42 U.S.C. § 1983 action challenging Defendants' alleged deliberate indifference to his serious medical needs.  Among the named defendants is Corizon, LLC ["Corizon"].  For relief, Plaintiff seeks damages, injunctive relief, costs, attorney's fees, and trial by jury.

Before the Court is Corizon's Motion to Dismiss.  Doc. 7.  Corizon moves to dismiss on the ground that Plaintiff's claims against it arise from matters which occurred after expiration of its contract to provide healthcare related services to inmates in custody of the Alabama Department of Corrections.  The Court granted Plaintiff an opportunity to respond to the motion (Doc. 13) and he has done so.  Docs. 47, 50.

Upon review of Corizon's motion and Plaintiff's responses, the Court concludes the motion is due to be denied.

## I. DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Gilmore v. Day*, 125 F. Supp.2d 468, 471 (M.D. Ala. 2000). Thus, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).  In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citation omitted); *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  A plaintiff is not required to present a prima facie case in order to survive a motion to dismiss, and "the ordinary rules for assessing the sufficiency of a complaint apply. *See e.g.*, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.")." *Swierkiewicz, v. Sorema N.A.*, 534 U.S. 506, 511 (2002).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss for failure to state a claim, however, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  "As a general rule, conclusory allegations

and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (citing *Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974)). The threshold, however, is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Nonetheless, Plaintiff's claim must be "plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). "This means he must have alleged actual content that allow[ed] the court to draw the reasonable inference that the defendant[s] [were] liable for the misconduct. The allegations must be plausible, but plausibility is not probability." *Lane v. Philbin*, 835 F.3d 1302, 1305 (11th Cir. 2016) (quotation marks and citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559.

Corizon argues in support of its motion to dismiss that it held the contract with the Alabama Department of Corrections ["ADOC"] to provide health care services to inmates in the agency's custody from November 1, 2007, through March 31, 2018. Because Plaintiff's Complaint alleges an incident which occurred on December 27, 2019, Corizon argues Plaintiff's claims against it are subject to dismissal because it was not the prison healthcare provider at the time of the matter about which Plaintiff complains. Doc. 7.

The Court has reviewed Plaintiff's Complaint including the amendments to the Complaint. Docs. 1, 49, 59. From that review, the undersigned finds Plaintiff alleges facts sufficient to permit the Court to infer these pleadings set forth "enough factual matter [taken as true] to suggest" a cognizable cause of action against Corizon which is not

necessarily limited to matters which occurred only on or after December 27, 2019.  Rather, the allegations presented can plausibly be considered to include allegations stemming from the provision of medical care provided to Plaintiff prior to expiration of Corizon's contract with the ADOC.  *Twombly*, 550 U.S. at 556.  The Court, therefore, finds Corizon's argument that it was not the contract health care provider at the time of the incidents alleged by Plaintiff is not clear from the Complaint and amendments thereto.  Accordingly, Corizon's motion is due to be denied without prejudice.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The Motion to Dismiss (Doc. 7) filed by Defendant Corizon be DENIED.

2.  This case be referred to the undersigned for additional proceedings.

The parties may file an objection to the Recommendation **on or before May 31, 2021**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R.

3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir.

1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of May, 2021.


_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE